United States District Court
Southern District of New York
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
GREGORY LEE,

   Plaintiff.

  -against-

Det. Enrique Corneil #1787,
Sgt. Jimmy Freyre    #2218,
Members of the NYPD, et al,
ADA Buza.

   Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**13CV8359**

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
[F.R.C.P. Rule 8(a); 42 U.S.C.A. Sec. 1983]

Jury Trial    Yes[X]    No[ ]

Plaintiff alleges:

## Introduction

1. This is an action pursuant to the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983, and 28 U.S.C. Sec. 1343, seeking redress for the deprivation of the plaintiff's constitutional rights. Venue is proper in this District, as all of the acts complained of occurred in New York County.

## Jurisdiction

2. This Court has jurisdiction over this action under 28 U.S.C. Sec 1343 (a)(3) for a violation of constitutional rights as provided in 42 U.S.C. Sec. 1983. The plaintiff seeks injunctive relief and monetary damages as well as attorney fees and costs pursuant to 42 U.S.C. Sec. 1988.

3. The plaintiff seeks redress for violation of the plaintiff's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizures; the plaintiff's right to be free from police harassment and intimidation as provided for in the Fifth and Sixth Amendments of the Constitution of the United States; the plaintiff's right to be free from malicious prosecution, malicious abuse of process, and unlawful seizure as provided for by the FOurth and Fourteenth Amendments to the Constitution of the United States, and the plaintiff's right to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of

the United States.

## Identity of the Parties

4. The plaintiff, Mr. Gregory Lee is an adult individual residing temporarily at the Cape Vincent Correctional Facility, P.O. Box 739, Cape Vincent, New York 13618.

5. The defendants Det. Enrique Corneil #1787, Sgt. Jimmy Freyre #2218 were at all times relevant to the allegations contained in this complaint as duly appointed police officers with the New York Police Department and were acting within the nature and scope of the defendant's official duties as a member of the New York Police Department.

6. At all times relevant to the allegations, Det. Enrique Corneil, Sgt. Jimmy Freyre as members of the New York Police Department acted under color of state law, regulations, customs, and policies.

## Facts

7. On June 19. 2012 at approximately 9:10am plaintiff Mr. Gregory Lee (hereinafter "Mr. Lee") went to his weekly scheduled parole visit with his Parole Officer Ms. K. Sutherland at 314 West 40th St., New York, NY. After speaking with Ms. Sutherland briefly Mr. Lee was told to place his hands behind his back and he was handcuffed by the Parole Officer and her Supervisor. Mr. Lee was then confronted by a N.Y.P.D. Detective Enrique Corneil of the Manhattan Robbery Squad. Det. Corneil stated that Mr. Lee was a suspect in a crime that was committed some days earlier on the subway system, and that he wished to interrogate him.

8. Mr. Lee expalined that he had done nothing wrong to both Det. Corneil and to his Parole Officer Ms. Sutherland. Mr. Lee went on to say that if the detective wanted to speak with him that he could do so in the presence of his parole officer. Det. Corneil then insisted that Mr. Lee be brought to the Manhattan Robbery Squad located on 12th St., New York.

9. Upon arrival at the Manhattan Robbery Squad at about 11:00am Det. Enrique Corneil then attempted to interrogate Mr. Lee, at that time Mr. Lee explained to the detective that he was exercising his right to remain silent. Det. Enrique Corneil then stated that he had some proof that Mr. Lee and another individual had committed some crimes on the subway systen and that he would be placed in a line-up whether he wanted to or not. Det. Enrique Corneil and members of the New York Police Department did violate Mr. Lee's right against self-incrimination by attempting to use his past as the sole basis for his detention.

10. At approximately 3:30pm mr. Lee was placed in a physical line-up with five (5) other men, most of whom were detectives. At about 5:10pm mr. Lee was then placed in another line-up with the same group of men. Both line-ups proved negative as Mr. Lee was not selected. mr. Lee was then told by Det. Enrique Corneil that he would be releasing him within the hour. Det. Enrique Corneil, members of the New York Police Department along with ADA Buza did violate Mr. Lee's Fourth Amendment Right by illegally seizing him at that time.

11. At 6:00pm Det. Enrique Corneil returned to the holding cell to inform Mr. Lee that he was going to placed under arrest for twp (2) seperate robberies. Mr. Lee then asked Det. Enrique Corneil, "if the line-ups proved negative then why would he still be incarcerated for nothing?" Det. Enrique Corneil then stated that he was only following orders. Det. Enrique Corneil, members of the New York Police Department and ADA Buza all knew of the results of the two (2) line-ups prior to this decision. Det. Enrique Corneil, members of the New York Police Department and ADA Buza did violate Mr. Lee's Fourth and Fourteenth Amendment rights as provided by the Constitution of the United States.

12.     On June 20, 2012 Mr. Lee was transported to the Manhattan Criminal Courts, 100 CentreSt., New York, NY, where he was formally charged with Grand Larceny 4° and arrainged. mr. Lee was assigned an 18B Attorney, Ms. Kira Treyvus. Ms. Treyvus filed cross-notification on Mr. Lee's behalf as he wished to testify before the Grand Jury. Bail was set at $25,000. by Hon. Abraham Clott, Part "F". Mr. Lee did expalin to his Attorney the results of the two (2) line-ups that he appeared in and she agreed that he should testify as the police and the prosecutor were in possession of this proof that would exonerate him. Det. Enrique Corneil, members of the New York Police Department and ADA Buza did violate Mr. Lee's Fourth and Fourteenth Amendment Rights as provided for by the Constitution of the United States, i.e. his right to be free from malicious prosecution, amlicious abuse of process, and unlawful seizure in addition to those rights to due process.

13.     On June 25, 2012 mr. Lee was scheduled to appear before the Grand Jury to testify on his own behalf at 100 Centre St., New York Criminal Court but was advised by his Attorney Ms. Kira Treyvus that ADA Buza was requesting more time to investigate. Mr. Lee stated to Ms. Treyvus that he had been incarcerated for six (6) days for some crime that he did not commit. He went on to say that he was going to inform the Grand Jury that he had been placed in two (2) line-ups and that the results of those line-ups should be considered Brady material since it did tend to exonerate him of any wrongdoing. Det. Enrique Corneil, members of the New York Police Department and ADA Buza did violate Mr. Lee's Fourth and Fourteenth Amendment Roghts under Brady v. Maryland. A Brady Violation is established when, "(1) the government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue

is favorable to the defendant; (3) the failure to disclose this evidence resulted in prejudice". Mr. Lee was incarcerated for some six (6) days unnecessarily since Det. Enrique Corneil, members of the New York Police Department and ADA Buza all knew beforehand that material existed. ADA Buza malicoiusly recommended and caused the prosecution of Mr. Lee in violation of his Fourth and Fourteenth Amendment Rights as provided for by the Constitution of the United States.

14.  Mr. Lee was incarcerated from 6/19/12 to 6/25/12 eventhough there was no true evidence that he had committed any crime. From 6/19/12 to 6/25/12 Det. Enrique Corneil, members of the New York Police Department and ADA Buza did illegally detain and maliciously prosecute Mr. Lee in violation of his Fourth, Fifth, Sixth and Fourteenth Amendment Rights as provided for in the United States Constitution. (please see, Collins v. New York (E.D.N.Y. 2013) No. 11-CV-766 FB RML, February 15, 2013; "the security of one's privacy against arbitrary intrusion by the police - which is at the core of the Fourth Amendment - is basic to a free society. It is therefore implicit in the concept of ordered liberty and as such enforceable against the States through the Due Process Clause of the Fourteenth Amendment")

15.  Mr. Lee was released from custody on 6/25/12 on ROR by the Courts and given a subponea to return to Court some three (3) months later. Subsequently the case against Mr. Lee was dismissed on 12/18/12 and Mr. Lee is now seeking damages. Mr. Lee now avers that Parole Officer Ms. K. Sutherland was not a part of the group that chose to prosecute him and she should not be considered as a party to this action.

16.  The actions of the defendants, Det. Enrique Corniel, members of the New York Police Department and ADA Buza constitute a deprivation of the plaintiff's (Mr. Lee) constitutional rights of the Constitution of the United States to be free

from illegal seizures; (b) plaintiff's right to be free from police harassment and intimidation as provided for in the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States; (c) plaintiff's right to access to the Courts as provided for by the Fourth and Fourteenth Amendments to the Constitution of the United States; (d) plaintiff's right to be free from malicious prosecution, malicious abuse of process, and unlawful seizure as provided for by the Fourth and Fourteenth Amendments to the Constitution of the United States; and (e) plaintiff's right to due process as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States. (Please see, Exhibits #1 - #6)

17.   As a direct and proximate result of the acts of defendants Det. Enrique COrneil, members of the New York Police Department and ADA Buza, plaintiff has suffered severe emotional distress, humiliation, and embarrassment. Plaintiff has also incurred Attorney fees, court costs, and has suffered a wage loss.

18.   THe acts of defendants Det. Enrique Corneil, members of the New York Police Department and ADA Buza were done in bad faith, and maliciously with the intent to deter plaintiff from exercising plaintiff's constitutional right to a fair trial and such acts warrant the imposition of punitive damages.

WHEREFORE, plaintiff demands judgment against the defendants Det. Enrique Corneil, members of the New York Police Department and ADA Buza in the amount of $1,000,000. Attorney fees and costs, and an injunction against defendant ADA Buza prohibiting defendant from prosecuting plaintiff in any form of retaliation.

Dated: November 14, 2013

Mr. Gregory Lee, Pro Se
#13R2382, Cape Vincent C.F.
P.O. Box 739
Cape Vincent, New York
13618

Sworn To Before Me on

this 14th day of November, 2013

_Wanda E. Merchant_
NOTARY PUBLIC

WANDA E. MERCHANT
Notary Public, State of New York
Residing in Jefferson County. No. 4662324
My Commission Expires July 31, 2014

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK                          CERTIFICATE OF DISPOSITION
                                                  NUMBER:  334409
THE PEOPLE OF THE STATE OF NEW   YORK
              VS

LEE,GREGORY                                       11/07/1958
Defendant                                       Date of Birth

1268 STRATFORD AV                                 5468689N
Address                                         NYSID Number

BRONX                 NY                          06/19/2012
City              State    Zip                  Date of Arrest/Issue

Docket Number: 2012NY048053               Summons No:

155.30
Arraignment Charges


Case Disposition Information:

    Date         Court Action                  Judge                Part
 12/18/2012   DISMISSED AND SEALED           WHITEN,M               B
```

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY       _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

  SOURCE   _ ACCUSATORY INSTRUMENT   _ DOCKET BOOK/CRIMS   _ CRC3030[CRS963]

        I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.
ORR,B                                            09/25/2013
COURT OFFICIAL SIGNATURE AND SEAL                DATE          FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)


**SEALED**


pursuant to Section 160.50 of the CPL

Ex. #2

Received:   Jun 20 2012 05:04pm
Fax:   Jun 20 2012 04:09pm  P001/001

## CRIMINAL COURT OF THE CITY OF NEW YORK
### COUNTY OF NEW YORK

| THE PEOPLE OF THE STATE OF NEW YORK -against- | ~~FELONY~~ Misdemeanor  Page 1 of 1 |
|---|---|
| 1. Walter Young (M 58)  2. Gregory Lee (M 53)   ECAB # 1354635 | ADA BUZA  212-335-9946 |
| Defendants. | |

Detective Enrique Corniel, shield 1787 of the Manhattan Robbery Squad, states as follows:

On June 10, 2012, at about 18:10 hours at a subway on West 42nd Street and 8th Avenue in the County and State of New York, the Defendants committed the offenses of:

1.  PL155.30(5)  155.25  Petit Larceny ~~Grand Larceny in the Fourth Degree~~
    (defendant #1: 1 count)
    (defendant #2: 1 count)

can't prove felony guilt beyond reasonable doubt

W
9-12-12

the defendants stole property from the person of another

The offenses were committed under the following circumstances:

Deponent states that he is informed by an individual known to the District Attorney's Office that informant observed the defendant Young prevent informant from getting on a train and acted as a distraction at the above address while defendant Lee picked informant's wallet from informant's pants. Deponent is further informed that informant did not know either defendants and neither defendant had permission or authority to take or possess complainants wallet.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

_____     6/20/2012  1705 hrs
Deponent                   Date and Time

ACT 5 Version 4.3.5 Created on 06/20/12 4:57 PM

2012NY048053

Criminal Court of the City of New York
I hereby certify this to be a true copy of the original on file in this Court.

SEP 2 5 2012

Ex. #3



# Criminal Court of the City of New York
## New York County
## Felony Complaint

18B

The People of the State of New York
vs.

| DEFENDANT: | CHARGES: | DOCKET NUMBER: |
|---|---|---|
| WALTER YOUNG (M 58)<br>M12654454   06/19/2012 15:30<br>1268 STRATFORD AVENUE<br>BRONX NY 10472 | PL155.30(5) | |
| [SEALED pursuant to 160.50 C.P.L.]<br>1268 STRATFORD AVENUE<br>BRONX NY 10470 | (5) | 2012NY048053 |

Interpreter: Language _____      Screener: BUZA, JOHN - TRLBURU50

**Notices Served at Arraignment:**

☑ CPL 190.50 - Grand Jury
☑ Cross Grand Jury
☐ Waive Cross Grand Jury
☐ CPL 710.30(1) (A) - Statement
☐ CPL 710.30(1) (B) - Identification
☐ CPL 250.20 - Alibi
☐ PL 450.10(48 hrs /15 days) - Property

☐ OTHER: _____

**Adjournment:** JUN 25 2012
Part: ____  Date: _____
☐ CPL 180.80/30.30 Waived

**Bail Condition:**
$25,000 Secured / $25,000
(Ins. Co. Bail Bond)  (Cash Bail)
☐ Surety Exam - 48 hours/72 hours
☐ Temporary Order of Protection
☐ ART. 730 Exam Ordered
☐ Medical Attention
☐ Protective Custody
☐ Suicide Watch
☐ Psychiatric Evaluation

| Arresting Officer | Court Reporter | Date | Part |
|---|---|---|---|
| ENRIQUE CORNIEL | DAWN M. CARR<br>OFFICIAL COURT REPORTER | JUN 20 2012 | AR 3 |

Judge: HON. ABRAHAM L. CLOTT

SEP 25 2013

## RECORD OF COURT ACTION — Form CRC 151.1

### Entry 1
- **Date:** 6-25-12
- **Part:** F
- **Reporter:** PART F JUNE 25 2012 RET JAMES UDG Judge TISCH
- **Judge:** TISCH
- **Court Action:** NO G.J.A. XGJ — or — PtF 9-12-12, Waive 2nd call; RoR-C (180.80)
- **Adj. Request:** Court
- **Present:** Attorney (circled)
- **Absent:** Defendant (circled), Attorney
- **Notify:** —
- **Excused:** —
- **Reason for Adjournment:** 9-12-12  F  GJA
- **Bail Condition:** —

### Entry 2
- **Date:** 9-12-2012
- **Part:** F / SEPT PART GT RET TEJADA JUDGE-A TISCH
- **Court Action:** NO G.J.A. — reduced to misdemeanor; π-PTC; +1S; PC
- **Adj. Request:** Defense
- **Present:** Defendant (circled)
- **Absent:** Attorney (circled)
- **Notify:** Defendant, Attorney — NOTIFIED (stamp)
- **Reason for Adjournment:** 10-24-12  B  S/D
- **Bail Condition:** —

### Entry 3
- **Date:** 10-24-12 (ECH RPT PT B EDLER TEJADA)
- **Court Action:** PTC π S; NO S/D
- **Adj. Request:** Defense
- **Present:** Defendant (circled), Attorney (circled)
- **Reason for Adjournment:** B   12-18-12   S/D
- **Bail Condition:** —

### Entry 4
- **Date:** 12-18-12 (ECH RPT PT B WRITE BENT)
- **Court Action:** DISMISSED · SEALED — Pursuant to Section 160.50 of the CPL
- **Present:** Defendant (circled)
- **Absent:** Attorney (circled)
- **Reason for Adjournment:** —
- **SEP 25 2013** (stamp)

**Court No.:** _____   **Defendant:** _____   **RECORD OF COURT ACTION**

1      A.   Well, originally been with transit about eight and a
2  half years, so I would say about six years.
3      Q.   So you have been with transit almost your entire
4  career?
5      A.   That's correct.
6      Q.   How long have you been a sergeant?
7      A.   I've been a sergeant now for about two years.
8      Q.   And before you were a sergeant?
9      A.   I was a detective in transit.
10     Q.   How long have you been a detective with transit?
11     A.   For four years.
12     Q.   Are you familiar with an individual named Gregory Lee?
13     A.   Yes.
14     Q.   And can you tell the Court how you became familiar with
15  Gregory Lee?
16     A.   Sure.  It all started on June 10th of 2012, there was a
17  complaint report that was issued.  An individual was a victim of
18  a grand larceny at 42nd Street/Eighth Avenue in the subway
19  station.  After reading the report, I conducted an investigation
20  into this report, I realized that there was video available of
21  this incident.  I pulled the video, I reviewed the video, and in
22  the video at the time I didn't know who Mr. Lee was.  Upon
23  reviewing the video, I realized I see two individuals, Gregory
24  Lee and another individual with a hat, who we later found out
25  was Walter Young.  We see him remove a wallet from an individual

```
 1   in the train station.  I rewind the tape all the way back to
 2   when they entered the transit, to the turnstiles, and I get a
 3   clear shot of Mr. Lee and see the mugshot.  I'm sorry.  When I
 4   see the individual, his face, I looked through my -- I have a
 5   book of known grand larceny, pickpocket recidivists.  From there
 6   I was able to ID Mr. Lee was the same guy on the video.
 7        Q.   So then what did you do?
 8        A.   After, once I knew who Mr. Lee was from the video and
 9   from the picture, I contacted parole.  I realized he was on
10   parole at the time.  I spoke to his parole officer.  I asked if
11   Mr. Lee shows up to parole.  He said yes, he comes every time.
12   He comes in the morning around 9:00.  I said no problem.  To his
13   next parole visit, I set up parole, and I waited to see if
14   Mr. Lee would show up.  Sure enough, he shows up with the other
15   individual that was in the video with the hat.  At that time I
16   called the detective who had the actual case of Mr. Lee on that
17   incident.  I told him that Mr. Lee is currently on parole.  He
18   notified parole, hold on to Mr. Lee until he showed up.
19        Q.   So I'd like to talk to you about October 25, 2012.  As
20   the transit field intelligence officer, were you involved in the
21   arrest of Gregory Lee on that day?
22        A.   Well --
23             MS. HORANI:  At this time I'm going to object to
24        this line of questioning.  We have had relatively testimony
25        regarding the June date, the October date, I don't believe
```