UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Lee,

                          Plaintiff,

        -against-                            1:13-cv-8359

Corneil et al.,                          **OPINION & ORDER**

                          Defendants.
------------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

## I. INTRODUCTION

      Pro se plaintiff Gregory Lee sued various New York City employees, including New York County Assistant District Attorney John Buza, for violations of his rights under the federal and state constitutions and state law. Lee claims that Buza personally ordered his imprisonment, participation in unduly suggestive lineups, and prosecution without probable cause that he had committed a crime. Buza now moves to dismiss Lee's claims as to him alone. For the reasons stated below, Buza's motion is granted.

## II. BACKGROUND

      On June 10, 2012, New York City Police Department Sergeant Jimmy Freyre read a complaint report describing a grand larceny in a subway station on 8th Avenue in Manhattan. Second Amended Complaint ("SAC"), Ex. A at 1, lines 16-18. Freyre reviewed surveillance video of the incident, which showed two individuals pickpocketing a victim. Id., Ex. A at 1, line 25. The video showed clear footage of the face of one of those individuals, whom Freyre identified as plaintiff Lee after reviewing police records of grand larceny recidivists. Id., Ex. A at 2, lines 3-6. Freyre discovered that Lee was on parole and arranged to be present at Lee's next scheduled appointment with his parole officer on June 19, 2012. Id., Ex. A at 2, lines 9-14; SAC

¶ 9. When Lee appeared, Freyre contacted the detective on the case of the 8th Avenue subway pickpocketing. Id. Ex. A at 2, lines 15-18.

On June 19, 2012, Detective Enrique Corneil arrested Lee while at his parole appointment, on suspicion of having committed the 8th Avenue subway pickpocketing days earlier. SAC ¶ 9. Corneil took Lee to the Manhattan Robbery Squad Precinct and placed him in two lineups that afternoon. Id. ¶ 17. Lee was not selected by the complaining victim out of either lineup. Id. Nonetheless, Corneil informed Lee that he was under arrest on suspicion of having committed two robberies. Id. ¶ 18. When Lee asked why police were continuing to detain him when he had not been selected out of either lineup, Corneil informed him that Assistant District Attorney Buza had personally ordered his continued detention. Id. In the meantime, Buza also ordered Corneil to prepare two photo arrays and show them to the complaining victim of the 8th Avenue subway pickpocketing at the victim's home. Id. ¶ 24. Less than five hours after failing to identify Lee out of the in-station lineups, the complaining victim identified him out of the photo arrays. Id. Lee was the only individual to appear in all of the lineups and photo arrays. Id. ¶ 25.

On June 20, 2012, Lee was arraigned on charges of 4th degree grand larceny. Id. ¶ 19. Lee sought to testify before a grand jury about the negative results of the initial, in-person lineups. Id. On June 25, 2012, the day that Lee was to have testified before a grand jury, Buza informed Lee's attorney that he was requesting additional time to investigate the case. Id. ¶ 20. Lee was released from custody and ordered to return to court three months later. Id. ¶ 22. On December 18, 2012, the criminal complaint against Lee was dismissed and sealed. Id. ¶, Ex. J.

### III. DISCUSSION

#### A. Legal standard for a motion to dismiss a pro se complaint

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." Id.

For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). However, the court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678, 681 (citing Twombly, 550 U.S. at 555). The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & iStone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). To decide the motion, the court "may consider facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted).

In cases brought by a pro se litigant, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). Even so, the Court "cannot invent factual allegations that [the plaintiff] has not pled." Id.

B. Analysis

Buza moves in part to dismiss Lee's claims against him made under 42 U.S.C. § 1983, which allows a plaintiff to sue a government official for the alleged deprivation of constitutional rights. Lee's complaint alleges that Buza violated his rights under the Fourth, Sixth, and Fourteenth Amendments through false arrest and imprisonment, malicious prosecution, an unduly suggestive identification procedure, abuse of process, and suppression of evidence favorable to the accused, known as a Brady violation, after Brady v. Maryland, 373 U.S. 83 (1963). Lee also alleges that Buza participated in a conspiracy with police officers to violate his civil rights. In addition to moving on Lee's federal claims, Buza seeks dismissal of Lee's state law claims of abuse of process and violations of state constitutional guarantees to due process and against unreasonable search and seizure. N.Y. Const. art. I, §§ 6, 12.

As described below, Lee's federal claims against Buza in his official capacity fail because Buza is entitled to the state's immunity from suit under the Eleventh Amendment. Federal claims against Buza in his individual capacity, meanwhile, are dismissed for failure to state a claim. Finally, state claims against Buza are dismissed both for failure to state a claim and because adequate alternative remedies exist for the alleged violations of Lee's state constitutional rights. Because the Court grants Buza's motion on these grounds, it need not decide whether he was entitled to absolute prosecutorial immunity for his alleged actions.

> **a. Claims against Buza in his official capacity are dismissed because he is entitled to the Eleventh Amendment's grant of immunity to state officials.**

"The Eleventh Amendment, with few exceptions, bars federal courts from entertaining suits brought by a private party against a state in its own name." Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993). "To the extent that a state official is sued for damages in

his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." Id.; Amaker v. New York State Dep't of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (affirming dismissal of claims against county prosecutors under the Eleventh Amendment). "The availability of immunity under the Eleventh Amendment does not depend on the nature of the function performed by the state." Ying Jing Gan, 996 F.2d at 529. Buza invokes the State's Eleventh Amendment immunity here, so all claims against him in his official capacity must be dismissed.

### b. Lee fails to state claims for section 1983 violations.

#### 1. False arrest and imprisonment

"Under the Fourth Amendment, made applicable to the States by the Fourteenth Amendment, the people are 'to be secure in their persons . . . against unreasonable searches and seizures . . . .'" Maryland v. Pringle, 540 U.S. 366, 369 (2003) (quoting U.S. Const. amend. IV.). "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, . . . is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation removed). "The common law tort of false arrest is a species of false imprisonment, an action 'derived from the ancient common-law action of trespass [that] protects the personal interest of freedom from restraint of movement.'" Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (citing Broughton v. State, 37 N.Y.2d 451, 456 (N.Y. 1975)). "The right against false imprisonment in the criminal prosecution context extends only to pre-trial detention, rendering false arrest and false imprisonment synonymous." Mitchell v. Home, 377 F. Supp. 2d 361, 371 n.3 (S.D.N.Y. 2005).

To state a claim of false arrest, a plaintiff must allege that "(1) the defendant intended to confine him [or her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Sinagra v. City of New York, 127 A.D.3d 729, 730, 7 N.Y.S.3d 286, 288 (2d Dep't 2015) (citing Broughton, 37 N.Y.2d at 456). Confinement by police is "otherwise privileged" when supported by probable cause because "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest . . . ." Weyant, 101 F.3d at 852 (internal quotations omitted). "Probable cause exists where the facts and circumstances within . . . the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Id. When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity." Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (internal citations omitted). Thus, if on the facts alleged, arresting officers had knowledge and reasonably trustworthy information that Lee had committed a criminal offense, his false arrest claim fails as a matter of law.

By the terms of Lee's own complaint, Sergeant Freye viewed a surveillance video tape that showed Lee pickpocketing an individual. Lee alleges no facts that question the reliability of the tape, the quality of the images therein, or Freye's truthfulness. The recording itself was sufficiently clear that Freye was able to identify Lee's face and compare it to an already existing photograph of him in the police's possession. Freye's personal observation of the tape and his identification of Lee via comparison of the tape's images with the photograph represent reasonably trustworthy information within the police's knowledge that provided probable cause

to arrest Lee. See Stansbury v. Wertman, 721 F.3d 84, 90 (2d Cir. 2013) (finding that "the visibility of the perpetrator on the tape" made officer's "identification probative and allows the other officers' identifications based on the tape to contribute meaningfully to probable cause").

Lee also argues that his continued detention became illegal after complaining victim failed to identify him in two lineups. While the police rightly should consider a victim's failure to identify a suspect in a lineup in their decision to further detain after arrest, lack of a positive identification by the victim in this case did not dispel otherwise reliable, preexisting information in support of probable cause. Probable cause is not a determination of guilt, but only a reasonably cautious belief that an offense was committed. In the circumstances of this case, in which no allegations are made that the videotape or Freye himself were unreliable, the police were entitled to give them credence in making a probable cause determination, even in the face of conflicting evidence.

Because Lee's confinement was privileged by the police's probable cause he had committed a crime, he fails to state a claim for false arrest or imprisonment.

### 2. Malicious prosecution

A § 1983 claim of malicious prosecution in violation of the Fourth Amendment must "establish the elements of a malicious prosecution claim under state law." Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002). In New York, to plead malicious prosecution, a plaintiff must allege: "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). "In order to allege a cause of action for malicious prosecution *under § 1983*, [a plaintiff] must assert, in addition to the elements of malicious prosecution under

state law, that there was (5) a sufficient post-arraignment liberty restraint [ie. a seizure] to implicate the plaintiff's Fourth Amendment rights." Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000) (emphasis in original).

"The probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases." Stansbury v. Wertman, 721 F.3d 84, 95 (2d Cir. 2013). "Probable cause, in the context of malicious prosecution, has also been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." Id. Nonetheless, "[i]n order for probable cause [upon arrest] to dissipate," and thus justify a claim of malicious prosecution, "the groundless nature of the charge must be made apparent by the discovery of some intervening fact." Kinzer v. Jackson, 316 F.3d 139, 144 (2d Cir. 2003).

Standing alone, Lee's allegation that a complaining victim failed to identify him in two in-person lineups following his arrest could plausibly suggest that officials lacked probable cause to commence a criminal proceeding against him. But the in-person lineups are bookended by two other allegations in Lee's complaint: Freye's identification of Lee in the videotape showing a crime being committed and the complaining victim's subsequent identification of Lee in the photo arrays. It was only after the complaining victim had successfully identified Lee that officials commenced his prosecution. By the time that decision was made, witness statements of the police and the victim were collectively sufficient to provide authorities with probable cause to prosecute Lee for an offense. Lee's claim for malicious prosecution under the Fourth Amendment therefore must be dismissed.

### 3. Abuse of process

"The torts of malicious prosecution and abuse of process are closely allied." Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994). Whereas malicious prosecution concerns the improper

issuance of process, malicious abuse of process concerns "the improper use of process after it is regularly issued." Id. (internal quotation marks omitted). To establish a claim for malicious abuse of process under section 1983 in New York, Lee must demonstrate that Buza "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino v. City of New York, 331 F.3d 63, 70 (2d Cir. 2003) (internal quotation marks and citation omitted). Lee's complaint pleads no facts that establish the third element, as there is no allegation that Buza "aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." Id. at 76. Therefore, the Court dismisses this claim.

### 4. Suggestive lineup

"[A] suggestive [identification] procedure 'does not in itself intrude upon a constitutionally protected interest.'" Wray v. Johnson, 202 F.3d 515, 524 (2d Cir. 2000) (quoting Manson v. Brathwaite, 432 U.S. 98, 113 n.13 (1977)). For this reason, a constitutional violation resulting from a suggestive lineup procedure occurs when the "right to a fair trial was impaired by the admission of testimony regarding the unreliable identification . . . ." Wray v. City of New York, 490 F.3d 189, 193 (2d Cir. 2007). Thus, even assuming the lineups at issue here were impermissibly suggestive, "such conduct can only support a [Fourteenth Amendment] *due process violation*, not a Fourth Amendment excessive detention claim." Harewood v. Braithwaite, 64 F. Supp. 3d 384, 403 (E.D.N.Y. 2014) (emphasis in original). Because the lineups were never admitted as evidence in a proceeding against Lee, no Fourteenth Amendment violation occurred. Lee's section 1983 claims related to the lineups therefore must be dismissed.

### 5. Brady violation

Brady v. Maryland, 373 U.S. 83, 87 (1963) holds "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The Second Circuit "has emphatically and properly confirmed that Brady-based § 1983 claims necessarily imply the invalidity of the challenged conviction in the trial (or plea) *in which the Brady violation occurred*." Poventud v. City of New York, 750 F.3d 121, 132-33 (2d Cir. 2014) (emphasis in original). Thus, a Brady violation requires either a trial or plea in which favorable evidence was suppressed. As Lee's charge resulted in neither, his section 1983 claim related to a Brady violation is dismissed.

### 6. Section 1983 conspiracy

To state a claim for "a § 1983 conspiracy, a plaintiff must [plead]: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). As discussed above, Lee fails to state a claim for an unconstitutional injury by Buza, so his claim of a section 1983 conspiracy is dismissed.

### c. Lee's state law claims are dismissed.

#### 1. Adequate alternative remedies exist for the alleged violations of Lee's state constitutional rights, mandating dismissal of those claims.

"Although the New York Court of Appeals has recognized a cause of action for damages based on official conduct violating the State's Constitution," Biswas v. City of New York, 973 F. Supp. 2d 504, 522 (S.D.N.Y. 2013) (citing Brown v. State, 89 N.Y.2d 172 (N.Y. 1996)), "the same court has made clear that such a cause of action is a narrow remedy available only when

necessary to effectuate the purposes of the State constitutional protections that the plaintiff invokes or appropriate to ensure full realization of the plaintiff's rights." Id. (quoting Martinez v. City of Schenectady, 97 N.Y.2d 78 (N.Y. 2001)) (internal quotation marks omitted). Thus, claims may usually be brought under the state constitution only when a plaintiff has no alternative remedy. Lyles v. State, 770 N.Y.S. 2d 81, 82 (2d Dep't 2003). "Actions for damages at common law and under § 1983 are both considered adequate alternative remedies that preclude the assertion of a claim for damages under the state Constitution." Biswas, 973 F. Supp. 2d at 522 (citing Hershey v. Goldstein, 938 F.Supp.2d 491 (S.D.N.Y. 2013)); see also id. (collecting cases). Because section 1983 provides remedies for Lee's state constitutional claims of unreasonable search and seizure and violation of due process, he does not have a private right of action under the New York state constitution. Those claims are dismissed.

### 2. Lee's state claim of abuse of process fails to state a claim.

Because a section 1983 claim for abuse of process borrows its elements from New York state law, both the federal and state claim follow the same analysis. Lee's state law claim for abuse of process must therefore be dismissed for the same reason described in the analysis of his federal claim: failure to allege the third element, an aim to achieve a collateral purpose beyond Lee's criminal prosecution.

## IV.    CONCLUSION

For the reasons described above, Buza's motion for dismissal of all federal and state claims as to him is **GRANTED**. ECF No. 128. Dismissal of the claims based on a suggestive lineup and Brady violation is with prejudice, as Lee's repleading of those claims would be futile in light of the lack of trial or plea associated with the charge at issue. Considering that Lee has twice amended his complaint, the Court reserves judgment as to whether dismissal of his other

claims is without prejudice, and will hear the parties on that issue at a telephone conference, scheduled for __April 7__, 2016 at __2:00 p__.m. Defendants should initiate the call to the plaintiff, and once all relevant parties are on the line, should contact the Court at (212) 805-0141 on the date and time specified above.

**SO ORDERED.**

Dated: March 31, 2016
      New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**