USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7/25/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Lee,

                    Plaintiff,

   -against-

Corneil et al.,

                    Defendants.
---------------------------------------------------------------X

13CV8359
1:16-cv-09565 (ALC)

MEMORANDUM OPINION

**ANDREW L. CARTER JR., United States District Judge:**

Pro se plaintiff Gregory Lee sued various New York City employees, including New York County Assistant District Attorney John Buza, for violations of his rights under the federal and state constitutions and state law. Lee alleges that Buza personally directed Lee's imprisonment and prosecution without probable cause that Lee had committed a crime. On March 31, 2016, this Court granted Buza's motion to dismiss the second amended complaint. On May 17, 2016, the Court granted Lee permission to amend his complaint for a fourth time. On June 10, 2016, Lee filed a third amended complaint ("TAC"), and Buza again moved for dismissal for claims related to him alone. On March 31, 2017, the Court granted Buza's motion to dismiss the complaint in its entirety. The Court does so for reasons that follow in this opinion.

Given the substantial similarity between the second amended complaint and the third amended complaint, the Court presumes familiarity with the facts of the case. *See Lee v. Corneil*, 1:13-cv-8359, 2016 WL 1322444, *1 (S.D.N.Y. 2016).

### STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

1

COPIES MAILED

face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007). However, the court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal,* 556 U.S. at 678, 681 (citing *Twombly,* 550 U.S. at 555). The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & iStone Corp. v. Oldcastle Northeast, Inc.,* 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly,* 550 U.S. at 555). To decide the motion, the court "may consider facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted).

In cases brought by a pro se litigant, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). Even so, the Court "cannot invent factual allegations that [the plaintiff] has not pled." *Id.*

## DISCUSSION

**I.    Plaintiff's § 1983 claims based on suggestive identification procedures and *Brady* violations are dismissed based on the March 31, 2016 Opinion and Order.**

In the TAC, Lee repleads his claims regarding the alleged suggestive identification procedures and alleged *Brady* violations. The Court has already dismissed those claims with prejudice. *Lee v. Corneil*, 1:13-cv-8359, 2016 WL 1322444, *6 (S.D.N.Y. March 31, 2016). The Court reaffirms the dismissal of those claims.

### II. Plaintiff's remaining § 1983 claims are barred by Eleventh Amendment immunity and prosecutorial immunity.

The most significant difference between the complaints is that Lee brings suit against Buza in his "individual and official capacity" in the TAC. Lee's claims against Buza in his official capacity are dismissed because he is entitled to the Eleventh Amendment's grant of immunity to state officials for reasons stated in this Court's March 31, 2016 opinion. *See id.* at *3.

As Buza is being sued in his individual capacity, he is entitled to absolute prosecutorial immunity. Prosecutors are absolutely immune from liability in § 1983 lawsuits for prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." *Van De Kamp et al. v. Goldstein*, 555 U.S. 341 (2009). This immunity attaches to conduct "preliminary to the initiation of a prosecution and actions apart from the courtroom." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (citation and internal quotations omitted). Further, actions taken by the prosecutor "reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution...are shielded by absolute immunity." *Id.* at 166.

Here, construed liberally, Lee alleges that Detective Enrique Corniel charged Lee with robbery at the direction of Buza, despite the victim's earlier inability to identify Lee in the lineups, and that Buza also directed Detective Corneil to assemble a photo-array for the victim. Third Am. Compl. ¶ 21. The decision to go ahead with the arrest falls within the domain of

initiating or carrying on a criminal prosecution. *See Giraldo*, 649 F.3d at 165. Further, the decision to do another photo array was to prepare for a potential "court proceeding in which the prosecutor acts as an advocate." *Id.* (citation omitted). Buza is therefore absolutely immune from suit with respect to those § 1983 claims against him in his individual capacity.

### III. Plaintiff's state law claim is dismissed for failure to comply with conditions precedent to suit.

Buza contends that Lee's state law claim for violations of the State Constitution must be dismissed for failure to file a notice of claim pursuant to N.Y. General Municipal Law § 50-e and 50-i. "[I]n a federal court, state notice-of-claim statutes apply to *state*-law claims." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (citing cases) (emphasis in original). Lee's TAC does not reference filing a notice of claim. Given Lee's failure to comply with the requirements of the General Municipal Law, Lee's state law claims are dismissed.

### IV. Plaintiff's claims are dismissed with prejudice.

Given that this is the Court's second dismissal of all federal and state claims against Buza, the question remains if the dismissal should be with or without prejudice. Although leave to amend is "liberally granted," the Court may deny leave to amend where there is repeated failure to cure deficiencies by amendments or futility of amendment. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Lee has filed a thrice amended, factually duplicative complaint. Lee has also replead claims that were previously dismissed by this Court. His additions to the complaint consist of more conclusory allegations and elaboration on these allegations with legal argumentation. Third Am. Compl. ¶¶ 14-16, 18, 20-21, 25, 28. Lee is unable to allege any facts that will pierce the shield of Eleventh Amendment and absolute immunity and his failure to file a notice of claim for

his state law claims cannot be remedied. Thus, another opportunity to replead against Buza would be futile.

## CONCLUSION

For the reasons set forth above, the Court reaffirms its March 31, 2017 order dismissing all claims against Buza. Dismissal of the claims is with prejudice.

Dated: April 25, 2017
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**